**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AZAEL DYTHIAN PERALES,<br>Plaintiff,<br>v.<br>119th UNITED STATES SENATE,<br>Defendant. | Civil Action No. 26-cv-2525 (JMC) |

## MEMORANDUM OPINION

Plaintiff Azael Dythian Perales, proceeding pro se, filed the instant suit against the 119th United States Senate.[1] The Court **DISMISSES** his complaint and this action sua sponte.

It is well-settled that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous . . . ." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974). A complaint will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) when it is "'patently insubstantial,' presenting no federal question suitable for decision." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989)). Claims are patently insubstantial if they are "essentially fictitious," for example, advancing "bizarre conspiracy theories," "fantastic government manipulations of [one's] will or mind," or some type of "supernatural intervention." *Id.* In such cases, a district court may dismiss the case sua sponte. *See Lewis v. Bayh*, 577 F. Supp. 2d 47, 54 (D.D.C. 2008).

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

Pearles' allegations fall squarely in the "fanciful" category. *See Neitzke*, 490 U.S. at 325; *see also Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). His profanity laced complaint alleges that "[a]ll 100 Senators" "arbitrarily emit violent electrical prods" to his body and "emit dangerous radio signals to [his] brain while [he is] semi-conscious or asleep." ECF 1 at 1. These allegations do not present a substantial legal question for this Court to resolve. Accordingly, upon sua sponte review, this action is dismissed for lack of subject matter jurisdiction.

Accordingly, the Court **DISMISSES** this case. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

Jia M. Cobb
U.S. District Court Judge

DATE: August 21, 2026